Gateway Overseas Inc. v Sumec Textile & Light Indus. Co., Ltd. (2021 NY Slip Op 02342)





Gateway Overseas Inc. v Sumec Textile & Light Indus. Co., Ltd.


2021 NY Slip Op 02342


Decided on April 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 15, 2021

Before: Renwick, J.P., Gische, Moulton, Mendez, JJ. 


Index No. 652588/18 Appeal No. 13601-13601A Case No. 2020-03446, 2020-03464 

[*1]Gateway Overseas Inc., Plaintiff-Appellant,
v
Sumec Textile & Light Industry Co., Ltd., Defendant-Respondent.


Ira Daniel Tokayer, New York, for appellant.
Mauriel Kapouytian Woods LLP, New York (Sherman Kahn and Hui Liu of counsel), for respondent.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered March 16, 2020, dismissing the complaint pursuant to an order, same court and Justice, entered March 16, 2020, which granted defendant's motion for summary judgment and denied plaintiff's cross motion for partial summary judgment, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The parties entered into an agreement for plaintiff to act as defendant's exclusive agent for the sale of its textiles, at a commission rate of 5% payable when defendant received payment of its invoices from the buyer. Following a dispute, defendant ceased paying plaintiff based on orders from a particular buyer.
The parties met at a trade fair in China and defendant demanded a reduction in plaintiff's commission rate to 1% going forward. Plaintiff's president admitted that he did not explicitly object to the reduction, and the record reflects numerous invoices issued by plaintiff subsequent to the meeting with a demand for payment at a commission rate of 1%. Two and half years after the meeting, plaintiff brought this action alleging, inter alia, breach of contract, and seeking payment of commissions at the 5% rate, asserting that the reduction in the commission rate was the result of economic duress imposed on it by defendant.
The mere threat by one party to breach a contract by not delivering merchandise, though wrongful, does not in itself constitute economic duress. It must also appear that the threatened party could not obtain the goods from another source and the ordinary remedy of an action for breach of contract would not be adequate (see Austin Instrument v Loral Corp., 29 NY2d 124, 130-131 [1971]). Moreover, one who seeks to recover based on economic duress must act promptly to make its claim known, and its failure to act can be viewed as a ratification of a contractual modification (see Beltway 7 & Props., Ltd v Blackrock Realty Advisers, Inc., 167 AD3d 100, 108-109 [1st Dept 2018], lv denied 32 NY3d 916 [2019]). Here, the court properly found that plaintiff failed to demonstrate a triable issue of fact as to why an action for breach of contract would have been inadequate at the time of the breach, and why it waited 2 ½ years to bring the instant action seeking to recover the unpaid commissions.
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2021